**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION**

ARTHUR STANLEY LAMB
ADC #116223                                                                                                     PLAINTIFF

V.                                         NO: 4:08CV00004 WRW/HDY

GWEN WRIGHT *et al.*                                                                          DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge William R. Wilson, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

    1.    Why the record made before the Magistrate Judge is inadequate.
    2.    Why the evidence proffered at the hearing before the District
          Judge (if such a hearing is granted) was not offered at the
          hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff, incarcerated at the Wrightsville Unit of the Arkansas Department of Correction ("ADC"), filed a *pro se* complaint (docket entry #2), pursuant to 42 U.S.C. § 1983, on January 3, 2008.

### I.  Screening

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A.  In conducting its review, the Court is mindful that a complaint should be dismissed for failure to state a claim only if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998).  The Court must accept the factual allegations in the complaint as true and hold a

plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers. . . ." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*).  However, such liberal pleading standards apply only to a plaintiff's factual allegations.  *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989).  A plaintiff's complaint still must contain allegations sufficient to state a claim, as a matter of law, and must not be merely conclusory in its allegations.  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## II.  Analysis

Plaintiff's complaint alleges that he was improperly removed from the prison RSVP program, which has caused him to be required to serve his full 10 years.  Plaintiff's complaint sought a "complete reversal of all charges," and named four Defendants: Dr. Gwen Wright of the ADC's Tucker Unit; Robin Meeneese, a parole officer, Jennifer Raney, who appears to be a family member; and Stewart Vess, a private attorney.  Because the allegations in Plaintiff's complaint were vague, the Court ordered Plaintiff to file a response, which described the specific constitutional violations he alleged against each Defendant.  On March 6, 2008, Plaintiff filed his response (docket entry #9).

Plaintiff's complaint and response provide no allegations sufficient to support a constitutional claim against any Defendant.  Raney and Vess appear to be private citizens, and thus not subject to suit under 42 U.S.C. § 1983.  In order to state a cognizable claim under 42 U.S.C. § 1983, Plaintiff must allege that the conduct of a defendant acting "under color of state law" deprived him of a right, privilege, or immunity secured by the federal Constitution or laws of the United States.  *Hamilton v. Schriro*, 74 F.3d 1545, 1549 (8th Cir. 1996).  Plaintiff does not appear to make any specific allegations against Meeneese, thus his claims against Meeneese should be dismissed as well.

The gravamen of Plaintiff's complaint appears to be that Wright dismissed him from the RSVP program.  Plaintiff was apparently granted parole, on the condition that he complete the RSVP

program. Plaintiff's dismissal has resulted in him being required, at least for now, to serve his full 10 year sentence. However, by asserting a claim that directly attacks the validity of his conviction or hold, Plaintiff is challenging the lawfulness of his continued confinement. In *Preiser v. Rodriguez,* 411 U.S. 475 (1973), the Court analyzed the important distinction between a *habeas* action and a § 1983 claim. In a *habeas* action, a petitioner is challenging the lawfulness of his incarceration. *Id.* at 484. In contrast, in a § 1983 action, a prisoner is challenging some aspect of the conditions of his confinement. *Id* at 499. Importantly, the label a prisoner gives to his suit is not controlling. *Id.* at 489-90. Plaintiff's only remedy for challenging the lawfulness of his continued incarceration is a writ of *habeas corpus*, pursuant to 28 U.S.C. § 2254. Thus, as a matter of law, Plaintiff's request for a "reversal" of his charges fails to state a claim for relief under 42 U.S.C. § 1983.

Additionally, the Court notes that Plaintiff has no fundamental right to parole, *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979), and nothing in the Arkansas statutes creates a right of an inmate to be released on parole. *Hamilton v. Brownlee*, 237 Fed.Appx. 114 (unpub. per curiam). Therefore, Plaintiff has failed to state a claim upon which relief may be granted with respect to Wright as well.[1]

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint (docket entry #2) be DISMISSED WITH PREJUDICE for

---

[1] Plaintiff's response indicates that he also wishes to pursue a claim against Sgt. Westbrook for the destruction of his personal property. However, such claims for property should be raised before the Arkansas Claims Commission. *See Hudson v. Palmer*, 468 U.S. 517, 536 (1984)(when state actor deprives individual of personal property, individual does not have § 1983 claim if state law provides adequate post-deprivation remedy); Ark. Code Ann. § 19-10-204(a)(vesting Arkansas State Claims Commission with "exclusive jurisdiction over all claims against the State of Arkansas and its several agencies, departments and institutions...").

failure to state a claim upon which relief may be granted.

      2.      This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

      3.      The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action be considered frivolous and not in good faith.

DATED this __17__ day of March, 2008.

_____
UNITED STATES MAGISTRATE JUDGE